NOONAN, Circuit Judge:
Becky Clearwater-Thompson (the appellant) appeals her conviction of criminal contempt by the - district court. We reverse.

PROCEEDINGS

On March 23, 1995 the appellant filed a voluntary petition for bankruptcy under chapter 13 of the Bankruptcy Code. On February 27, 1996, on motion of the First Inter *1237 state Bank of Oregon (FIOR), the bankruptcy judge issued an oral order restraining the appellant from removing an antique bar from the Union Club in Medford, Oregon; on March 11, 1996 this order was reduced to writing. In April 1996 the appellant allowed her father and brother to remove the bar and sell it for $1,500. On June 24, 1996 FIOR moved to hold the appellant in criminal contempt, seeking return of the bar, a $5,000 fíne, and attorney’s fees.
The attorney for FIOR prosecuted this motion before the bankruptcy judge. The appellant presented her own and her lawyer’s excuses for her being unaware of the restraining order. The bankruptcy judge found that the appellant was aware of the order before the April 1996 sale and ruled that she was “in criminal contempt of the court.” As a sanction for this criminal contempt, the bankruptcy court held that she should be fined $5,000 and ordered to pay FIOR’s attorney fees, adding that these findings and sanction would be submitted to the district court. FIOR subsequently submitted a bill for attorney’s fees of $18,548.70. The bankruptcy judge allowed only $6,638 of fees plus $262.52 for costs.
On May 2, 1997 the district court entered an order adopting the proposed findings and conclusions of the bankruptcy court and ordering the appellant to pay $5,000 as a fine for criminal contempt and the attorney fees and costs determined by the bankruptcy judge.
The appellant appeals.

ANALYSIS

Prosecution By An Interested Prosecutor. It is fundamental that the prosecutor of a criminal charge be disinterested. Where that is not the case, a judgment of conviction is to be reversed without the need of showing prejudice. Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 814, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). In this case FIOR had an interest. The prosecutor here — the man who drafted the motion, examined the witnesses, asked for the sanction — was FIOR’s lawyer. He owed FIOR a duty in addition to his duty as prosecutor of the criminal contempt. He was an interested prosecutor. Id. at 803, 107 S.Ct. 2124. The prosecution must be set aside. Id. at 814,107 S.Ct. 2124.
It is noteworthy that on this appeal there is no appearance and no opposition by FIOR; nor is there any appearance by the United States. The prosecutor has disappeared.
REVERSED.